UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE LASHON THOMAS,
　　　　　　Plaintiff,

v.   Case No. 23-CV-438

DMCPS, et al.,
　　　　　　Defendants.

## RECOMMENDATION AND ORDER

Before the court is Dominique Lashon Thomas's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Thomas's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Thomas's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Thomas, however, still owes the filing fee. The Court of Appeals for the Seventh Circuit has held that "every … person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997); *see also Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

prepayment of fees,' but not without ever paying fees."); *Bond v. Wisconsin*, No. 19-cv-970-pp, 2021 U.S. Dist. LEXIS 17130, at *3 (E.D. Wis. Jan. 29, 2021).

Because the court is granting Thomas's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of

action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Thomas's complaint. Thomas's complaint relates to the removal of her children from her custody. She alleges that an employee of "DMCPS" "lied to have my kids removed," and their removal has resulted in their abuse and endangerment, as well emotional distress to her. (ECF No. 1 at 3.) The removal of her children also led to Thomas not being able to attend CNA classes and losing her W2 benefits. (ECF No. 1 at 4.) As relief, she wants monetary damages and the return of her children. (ECF No. 1 at 5.) She names DMCPS, Wellpoint Care Network, and Judicial

Court Commissioner Katherine Kucharski as defendants. (ECF No. 1 at 1-2.) She states that she is suing under state law and alleges that the court has jurisdiction based on diversity of citizenship. (ECF No. 1 at 5.)

Beginning with the court's jurisdiction, no basis for concluding that complete diversity of citizenship exists. Although the complaint does not identify the citizenship of each party, Thomas states that her address is in Milwaukee, Wisconsin (ECF No. 1 at 6), and therefore it is fair to presume that she is a citizen of Wisconsin. If any defendant is likewise a citizen of Wisconsin, complete diversity of citizenship does not exist and the court lacks jurisdiction under 28 U.S.C. § 1332.

The defendant identified as "DMCPS" is presumably the Division of Milwaukee Child Protective Services, which is a division within Wisconsin's Department of Children and Families. *See* Division of Milwaukee Child Protective Services, https://dcf.wisconsin.gov/mcps. As such, it would be a citizen of Wisconsin for purposes of diversity jurisdiction. Thomas likewise provides Wisconsin addresses for the two other defendants. Therefore, the court does not have jurisdiction under 28 U.S.C. § 1332.

The court next considers whether it has jurisdiction under 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thomas does not identify any federal law that any defendant allegedly violated. But her allegations could

5

be seen as falling in the vicinity of a due process claim under the Fourteenth Amendment. In addition to the fact that Thomas does not actually allege a violation of due process, there are multiple other problems with any such claim.

The Division of Milwaukee Child Protective Services appears to be an arm of the State of Wisconsin and thus immune from suit for damages. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021); *Tucker v. Williams*, 682 F.3d 654, 659 (7th Cir. 2012). Even if it were subject to suit under 42 U.S.C. § 1983, the complaint does not allege any policy or custom of the Division of Milwaukee Child Protective Services such that it may be liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A state actor under § 1983 is not liable for the constitutional torts of its employees under the theory of *respondeat superior*. *Id.* at 694.

As for DMCPS's employee—who Thomas alleges lied but does not name as a defendant—she separately would likely be entitled to absolute immunity. *See Weber v. Pierce Cty. Wis. Dep't of Human Servs.*, No. 21-cv-300-wmc, 2022 U.S. Dist. LEXIS 166468, at *42 (W.D. Wis. Sep. 8, 2022) ("[T]he Seventh Circuit has held that 'social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court.'" (citing *Millspaugh v. Cnty. Dep't of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172, 1176 (7th Cir. 1991); *Pittman v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 640 F.3d 716, 723

(6th Cir. 2011) ("absolute immunity for social workers 'is akin to absolute immunity for prosecutors' so 'the same protection must apply here, no matter how undesirable the results'"); *Pelham v. Albright*, No. 3:11-cv-99, 2012 U.S. Dist. LEXIS 63848, 2012 WL 1600455, at *6-7 (N.D. Ind. May 4, 2012); *Rangle v. Reynolds*, 607 F. Supp. 2d 911, 921-22 (N.D. Ind. 2009); *Ibitayo v. McDonald*, No. 03-c-3362, 2003 U.S. Dist. LEXIS 20990, 2003 WL 22765046, at *4 (N.D. Ill. Nov. 20, 2003); *Hebein ex rel Berman v. Young*, 37 F. Supp. 2d 1035, 1047 (N.D. Ill. 1998))).

As to defendant Wellpoint Care Network, the complaint is devoid of any allegations against it other than Thomas's statement that "Wellpoint is who my case is staffed with now." (ECF No. 1 at 3.) But that is not enough to state a claim against Wellpoint. Even if Thomas could amend her complaint to add details as to what specifically Wellpoint allegedly did that injured her, and that demonstrate that Wellpoint was a state actor under § 1983, there would be no plausible constitutional claim absent allegations of a policy or custom that resulted in Thomas's alleged injury. *See Monell*, 436 U.S. at 694. Therefore, the complaint does not present a plausible claim against Wellpoint.

As to Judicial Court Commissioner Katherine Kucharski, the complaint is again devoid of any allegation as to what this defendant allegedly did. But a court commissioner would be absolutely immune from suit for any judicial conduct. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9,

7

11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). Therefore, Thomas has not pled a plausible claim against Commissioner Kucharski.

Finally, as to the whole of Thomas's claim, it appears that her aim is to undo (and seek compensation for) a decision that removed her children from her custody. Under what has come to be known as the *Rooker-Feldman* doctrine, a federal district court cannot upset the judgment of a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993). This includes child-custody, child-welfare, or CHIPS proceedings. *Howell v. Manitowoc Cty. Human Servs.*, No. 21-CV-1069-JPS, 2022 U.S. Dist. LEXIS 109220, at *9 (E.D. Wis. June 21, 2022). "[A] litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under § 1983." *O'Grady v. Marathon Cty. Child Support Agency*, No. 03-C-700-C, 2004 U.S. Dist. LEXIS 1891, at *3 (W.D. Wis. Feb. 3, 2004). "The doctrine also covers claims … that misstatements made to a state court produced a harmful judgment." *Coley v. Abell*, 682 F. App'x 476, 478 (7th Cir. 2017).

If the custody proceedings are ongoing and no judgment has yet been issued, then the *Younger* abstention doctrine would preclude this court from intervening. *See Milchtein v. Chisholm*, 880 F.3d 895, 898-99 (7th Cir. 2018) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)); *Howell*, 2022 U.S. Dist. LEXIS 109220, at *9.

In sum, Thomas's complaint alleges neither a basis for the court's jurisdiction nor a plausible cause of action against any defendant. Beyond that, the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine, as well as the doctrines of sovereign and judicial immunity, would appear to bar any claim against the defendants.

Ordinarily, the court would permit a pro se plaintiff one opportunity to amend her complaint before recommending that an action be dismissed. However, the court can discern no plausible basis under which an amended complaint could evade the myriad problems in her complaint, particularly either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine. Therefore, the court will recommend that her complaint and this action be dismissed. *See Howell*, 2022 U.S. Dist. LEXIS 109220, at *13 (citing *Wade v. Barr*, 775 F. App'x 247, 248 (7th Cir. 2019); *Sheikhani v. Wells Fargo Bank*, 577 F. App'x 610, 611 (7th Cir. 2014)).

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Thomas's complaint and this action be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2), written objections to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference,

whichever is earlier. Failure to file a timely objection with the district court will result in a waiver of a party's right to appeal.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 15th day of May, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge